IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MALINKA TACUMA WADE MOYE,

    Plaintiff,

v.

AMERICAN HOSTEL, FLORIENE'S UPHOLSTERY, GLOBAL AUTO SALES, AMERICAN AIRPORTER, AMERICAN PARKING,

    Defendants.

    /

No. MC 19-80003 WHA

**PRE-FILING ORDER REFUSING PROPOSED COMPLAINT BY VEXATIOUS LITIGANT**

## INTRODUCTION

*Pro se* plaintiff Malinka Moye, a vexatious litigant, submitted a complaint alleging employment discrimination. For the following reasons, the complaint shall not be accepted for filing.

## STATEMENT

After filing nearly eighty actions in state court, plaintiff Malinka Moye was first declared a vexatious litigant in 2006 under Sections 391.1, 391.3, and 391.7(a) of the California Code of Civil Procedure. The San Francisco County Superior Court ordered him not to file any new actions in state court without first obtaining leave of the court. *Moye v. Baca*, San Francisco County Superior Court Case No. CGC-06-450461 (August 11, 2006 order).

Moye then filed over twenty federal actions in this district between 2008 and 2009, often naming the same defendants as he had in state court (Case No. C 09-03892 WHA,

Dkt. No. 30). Both the state and federal actions revolved around a dispute over two San Francisco properties that were once owned by Moye's great-uncle, Timothy Hurdle. Mr. Hurdle died in 2005 and his estate was distributed under the provisions of a trust. Moye was not a beneficiary of the trust, but he harbored the "delusional" belief that he was the true owner of both properties and repeatedly brought actions against those who actually owned the properties or were involved in handling the Hurdle estate. *See People v. Moye*, 2016 WL 6068206, at *1–2 (Cal. Ct. App. Oct. 17, 2016).

In 2009, the undersigned judge ordered plaintiff Moye to show cause why he should not be declared a vexatious litigant in this district. Moye responded with more of the same incomprehensible and frivolous claims, so he was declared a vexatious litigant and barred from filing further civil complaints in the Northern District of California without first obtaining a pre-filing review from the undersigned judge. The order barred Moye from filing another civil complaint with "substantially the same allegations regarding the alleged fraudulent transfer, embezzlement, or robbery of the Hurdle estate; plaintiff's alleged false imprisonment; defendants' alleged robbery, assault or attempted murder of plaintiff; conspiracy to murder plaintiff; or illegal concealment of child" (Case No. C 09-03892 WHA, Dkt. No. 30).

Plaintiff Moye now alleges employment discrimination based on race, religion, and sex under Title VII of the Civil Rights Act of 1964 against defendants Floriene's Upholstery, American Hostel, Global Auto Sales, American Airporter, and American Parking.

**ANALYSIS**

Federal courts have the inherent power to regulate the activities of vexatious litigants. Under Section 1651(a) of Title 28 of the United States Code, courts may restrict litigants with abusive and lengthy histories from further filing. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).

Moye's complaint, at least facially, alleges employment discrimination. Moye alleges that Phillip Achilles and his business partner, Bruce Fay, discriminated against him for being Jewish, African-American, and heterosexual. Moye alleges that a group of people were paid with his earnings. The complaint, however, also inexplicably intertwines old allegations barred

by the pre-filing order, tainting the claims of employment discrimination. For example, in addition to alleging wage theft, the complaint alleges extortion, realty, and bank fraud using "Zillow Realty." The charges of realty and bank fraud are not only aimed at Phillip Achilles, but also Lydia Baca, Linda Stockdale, and Old Republic Title Co., who were all involved in the "dispute" over the Hurdle estate that earned plaintiff Moye his vexatious status (Compl. ¶¶ 4–6).

Along with the complaint, plaintiff Moye has attached twenty pages of exhibits. The first pages of the exhibit contain plaintiff's correspondence with United States Equal Employment Opportunity Commission (EEOC). In his charge of discrimination to the EEOC, Moye claims discrimination based on race, color, religion, age, and retaliation. The statement provided to the EEOC, however, differs starkly from statement in the complaint. The EEOC complaint states that plaintiff Moye was hired as an apprentice at Floriene's Upholstery and was sexually harassed by the owner, Floriene. His immediate supervisor allegedly called him racial epithets, and he was fired in December 2017. In the EEOC complaint, Moye states that he was discharged because he "reported two homicides to authorities, and [he] reported Floriene's son, Silga, who live[s] in Las Vegas communicating with Vince Edward-Collins to illegal[ly] transfer realty properties through Zillow Realty." Phillip Achilles, the target of the discrimination claims in the complaint, only appears once in the EEOC statement and plaintiff only accuses him, among others, of throwing feces on the ground multiple times.

The exhibits then contains "Notice[s] of Right to Sue" from the EEOC for American Hostel, American Airporter, and Floriene's Upholstery. The EEOC determined that they were unlikely to finish their investigation within 180 days of filing and closed the investigation, giving plaintiff the right to sue. The rest of the exhibits contained nonsensical documents that seemed to pertain to Hurdle estate dispute. There are two full-page photographs of unknown people. A third picture has, "Fraud by VINCE EDWARD Collins" and "Not related to Mr. Hurdle. Mexican!" scrawled on the picture. There is also a receipt for a flag and several letters of correspondence from Wells Fargo, the FBI, and the Department of Fair Employment and Housing. The letters from the Department of Fair Employment and Housing all claimed a

lack of jurisdiction and the referenced case names included familiar names involved in the Hurdle dispute: Red Oak Realty, Old Republic Title Co., Stockdale, and Baca (Compl., Exh. 1–20).

The pre-filing order barred Moye from filing another civil complaint with "substantially the same allegations regarding the alleged fraudulent transfer, embezzlement, or robbery of the Hurdle estate." (Case No. C 09-03892 WHA, Dkt. No. 30). Plaintiff Moye's allegations regarding employment discrimination against an employer, if they clearly stated a claim, would fall outside the bounds of the pre-filing order. The current complaint, however, is a jumble of contradictory accusations that confusingly intertwine the employment discrimination claims with the old accusations involving the Hurdle estate.

For example, the complaint contains only one paragraph accusing Bruce Fay and Phillip Achilles of paying others with plaintiff Moye's wages. However, the paragraph above it accuses Phillip Achilles of wage theft by attempting to further realty and bank fraud. Phillip Achilles is then listed with other parties involved in the Hurdle estate dispute, such as Lydia Baca, Linda Stockdale, and Old Republic Title Co. Furthermore, the complaint is contradicted by Moye's own statement to the EEOC, which claims that Moye was not an employee of Phillip Achilles or Bruce Fay at all, but an employee of Floriene, owner of Floriene's Upholstery. Here, again, the dispute with the Hurdle estate is intertwined as plaintiff Moye claims he was discharged from Floriene's Upholstery for reporting that Floriene's son was communicating with Vince Edward-Collins, another party to the Hurdle estate dispute, in order to further realty fraud.

Parts of the complaint arguably differ from the subject matter of the pre-filing bar, but the complaint is internally inconsistent and so incomprehensible that it cannot be said to avoid the bar. The dispute over the Hurdle estate is inextricably intertwined with the claims of employment discrimination, so the complaint can not be allowed.

**CONCLUSION**

In conclusion, vexatious, *pro se* plaintiff Malinka Moye's complaint shall not be accepted for filing.

**IT IS SO ORDERED.**

Dated: March 12, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California